LAW OFFICES
**HARTMAN & WINNICKI, P.C.**

Dariusz M. Winnicki *º
Richard L. Ravin *º□
Daniel L. Schmutter*
Andrew T. Wolfe*

74 PASSAIC STREET
RIDGEWOOD, NEW JERSEY 07450

Phone: (201) 967-8040
Fax: (201) 967-0590

* * *

* New York and New Jersey Bars
º Florida Bar
□ Washington, D.C. Bar
◊ New Jersey Bar

WEBSITE
www.hartmanwinnicki.com

Porter E. Hartman (1920-2009)
Charles R. Buhrman (1938-1994)
William T. Marsden (1943-1993)
Cyrus D. Samuelson (1911-1998)

September 30, 2026

**VIA UPS Overnight Delivery**
The Honorable Renee Marie Bumb, Chief Judge
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

**Re: Association of New Jersey Rifle & Pistol Clubs, Inc. et al. v. Davenport, et al.**
**No.: 3:26-cv-012401 – GC-JBD**

**PLAINTIFFS' OBJECTION TO JUDGE ASSIGNMENT PURSUANT TO L. CIV. R. 40.1(d)**

Dear Chief Judge Bumb:

We represent the Plaintiffs in this matter.

We write pursuant to L. Civ. R. 40.1(d) objecting to the assignment of this case to Judge Georgette Castner, U.S.D.J. Unfortunately there exists a significant conflict of interest and appearance of impropriety that precludes Judge Castner hearing this matter. L. Civ. R. 40.1(d) provides that any objection to a judge assignment is to be presented to the Chief Judge.

There is a severe danger that the public will perceive that Judge Castner cannot be impartial in this matter because of her husband's appointment as "gun czar" by former Governor Phil Murphy. As described below, Judge Castner's husband served as Governor Murphy's "Senior Advisor to the Governor on Firearms for the State of New Jersey" with the stated goal of the position to aggressively engage what both Governor Murphy and Castner, himself, referred to as the "gun lobby." That appointment by Governor Murphy was plainly intended as a shot across the bow of organizations like Plaintiff Association of New Jersey Rifle & Pistol Clubs, Inc. ("ANJRPC"), whose mission is to support and defend the fundamental right to keep and bear arms. As set forth below, even Governor Murphy believed that then Mrs. Castner (prior to her appointment to the bench) now Judge Castner shares and supports her husband's passion for aggressive action against the right to keep and bear arms. In light of the facts set forth below, it

will be incredibly difficulty for the public to perceive otherwise, and as such pursuant to L. Civ. R. 40.1(d), Plaintiffs object to the assignment of this case to Judge Castner.

This is a lawsuit against the State of New Jersey (through its Attorney General and Superintendent of State Police) challenging several of New Jersey's weapons law under the Second Amendment to the United States Constitution. One of the Plaintiffs, Association of New Jersey Rifle & Pistol Clubs, Inc. ("ANJRPC"), is a regular and repeat litigant against New Jersey in this Court asserting Second Amendment and other related claims challenging New Jersey's many unconstitutional laws restricting the right to keep and bear arms guaranteed by the Second Amendment.

Under former Governor Phil Murphy, Judge Castner's husband, William Castner, served as "Senior Advisor to the Governor on Firearms for the State of New Jersey" – a position often referred to informally as "gun czar." *See, e.g.,* https://www.njspotlightnews.org/2018/05/18-05-07-murphy-appoints-horizon-executive-as-gun-czar/ (last accessed 9-29-2026). In the Governor's press release issued in connection with Mr. Castner's appointment to the position, Mr. Castner was quoted as saying "[d]espite complete inaction in Washington, New Jersey will lead the way in taking on the gun industry with aggressive, innovative and impactful ways to combat gun violence." https://www.insidernj.com/castner-serve-pro-bono-senior-adviser-murphy/ (last accessed September, 20, 2026). Such language evidences a visceral and deeply held view that stands starkly in opposition to one of the key purposes of Plaintiff ANJRPC in vindicating the fundamental constitutional rights of its members, as well as the specific litigation goals of the Plaintiffs in this lawsuit.

In announcing Mr. Castner's appointment, Governor Murphy held a live press conference in which he stated "New Jersey will stand up to the gun lobby . . . ." https://patch.com/new-jersey/pointpleasant/watch-live-nj-gov-phil-murphy-make-announcement (hereinafter, "Press Conference") starting at 8:15 mark (last accessed September 29, 2026). In political discourse, "gun lobby" is an intentionally inflammatory, pejorative, rhetorical term used to refer negatively to organizations such as Plaintiff ANJRPC and the National Rifle Association of America ("NRA") (for which ANJRPC is the New Jersey state association affiliate).

Governor Murphy described Mr. Castner's connection to this issue as follows:

> Bill has particularly deep experience on gun issues having spearheaded New Jersey's one-gun-a-month law [over which ANJRPC has also litigated in this Court]; having represented gun violence advocates as an attorney in private practice; and having served as a commissioner on New Jersey's highly respected state Commission of Investigation.

*Id.* starting at 6:55 mark. The Governor introduced Mr. Castner with "there's no one who understands guns, common sense gun safety laws in this State better than Bill Castner." *Id.* at 18:26-18:34.

Mark Kelly (later Senator Mark Kelly) of the anti-gun, anti-Second Amendment organization Giffords Law Center also spoke at the press conference boasting of the expected role of Mr. Castner in helping coordinate and marshal the efforts of private law firms in strategic litigation against the fundamental right to keep and bear arms and the Second Amendment. *Id*. at 14:30 – 15:30.

Mr. Castner then spent the next seven minutes laying out his proposed aggressive agenda as gun czar and praising as his "heroes," prominent anti-gun, anti-Second Amendment individuals and organizations such as Governor Murphy, former Governor Jim Florio, the Giffords Law Center, Moms Demand Action, The Brady Campaign, and others. *Id*. at 18:35-25:55.

Importantly, Governor Murphy noted:

> "as it is for the Murphys this is team sport for the Castners. His wife Georgette is here."

*Id*. at 6:13-6:19. Based on Governor Murphy's use of the term "team sport" and his repeated expressions of how close he was personally with Mr. Castner, it can only be concluded that it was Governor Murphy's belief at the time that then Mrs. Castner (this appointment took place in 2018, prior to Judge Castner being appointed to the bench) shares her husband's very strong views on the topic of gun control and would even actively assist and support his efforts as gun czar.

Canon 2 of the Code of Conduct for United States Judges provides:

> **Canon 2: A Judge Should Avoid Impropriety and the Appearance of Impropriety in All Activities**

The Commentary to Canon 2 explains "appearance of impropriety" as follows:

> Canon 2A. An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired. . . . A judge must avoid all impropriety and appearance of impropriety. This prohibition applies to both professional and personal conduct. A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen.

This is further described in Commentary Canon 3A(3) as "[t]he duty under Canon 2 to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

Additionally, the recusal statute for United States judges, 28 U.S.C. §455(a), provides as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

In construing this provision, the Supreme Court has stated the following:

> The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.

*Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 865 (1988). While, this is not a recusal motion, the standards associated with the recusal statute are informative. Certainly, any situation requiring recusal would also warrant reassignment at the outset of a case; however, because in the within context, the case is just at the very beginning, reassignment does not entail any of the resource loss and disruption associated with moving a case away from a judge that may have already expended considerable time and effort in connection with a case that may be several years old. Thus, the standard for reassignment is surely lower than that required for recusal.

The facts surrounding Judge Castner's husband on this issue are overwhelming.

Mr. Castner was selected by Governor Murphy for the position of gun czar precisely because of his extensive background and experience in advancing a profoundly anti-gun, anti-Second Amendment agenda of precisely the type suitable for Governor Murphy's extreme anti-gun, anti-Second Amendment goals for his administration.

Mr. Castner's position as gun czar was plainly consistent with his deeply held personal views on the subject. This was not merely a lawyer being retained by a client to advance the client's goals. Mr. Castner was selected for this position because of his own personal and visceral commitment to the cause. Mr. Castner is a true believer.

Mr. Castner was selected because of his long history of working with anti-gun, anti-Second Amendment organizations such as Giffords, Mom's Demand Action, Brady, Everytown, etc. These are precisely the same organizations likely to file amicus curiae briefs in support of the State of New Jersey Defendants in this case, as many such groups have done is similar cases in the past, in this and other courts.

Mr. Castner's role as gun czar was explictly described as created to oppose the "gun lobby" – a term pejoratively used to describe Plaintiff ANJRPC and its affiliate the NRA. Thus, Mr. Castner was hired specifically to defeat the agenda of Plaintiff ANJRPC in its stated goal of supporting and defending the fundamental constitutional right of New Jerseyans to keep and bear arms, the explicit goal of *this* lawsuit.

Mr. Castner was charged with, among other things, fostering and supporting strategic litigation to achieve his and the Governor's anti-gun, anti-Second Amendment goals.

Mr. Castner was hired by the State of New Jersey as gun czar. The State of New Jersey, through its Attorney General and Superintendent of State Police, is precisely the adverse party in this lawsuit.

Finally, the language used by Governor Murphy in his press conference make it very clear that he believed at the time that Mr. Castner's anti-gun, anti-Second Amendment views are shared by his wife, then Mrs. Castner, now Judge Castner.

The risk of the public perceiving potential bias from Judge Castner hearing this case is massive, and Plaintiffs respectfully object to Judge Castner hearing this case. As a judge is required to avoid even the appearance of impropriety, the foregoing facts strongly call for reassignment of the case to another judge.

Even though the legal system and its participants recognize that judges and lawyers are expected to do their utmost to prevent personal views and interests from impacting their conduct in connection with legal proceedings, the legal system simply does not allow judges and lawyer to be placed in position where significant conflicts (and in the case of judges, simply the perception of conflicts) pose such risks. The risk of the perception of lack of impartiality is too great here.

Plaintiff originally filed this case in the Camden Vicinage based on the residency of Plaintiffs Wendy Copenhaver (Atlantic County) and Wayne Viden (Gloucester County). Thus, there are multiple vicinages available to the Court to achieve reassignment.

In accordance with L. Civ. R. 40.1(d), Plaintiffs respectfully object to the current judge assignment and request reassignment.

Respectfully submitted,

HARTMAN & WINNICKI, P.C.
74 PASSAIC STREET
RIDGEWOOD, NJ 07450
201-967-8040
Attorneys for Plaintiffs

s/ Daniel L. Schmutter
by: DANIEL L. SCHMUTTER

DLS/lkm
cc: Hon. Georgette Castner, U.S.D.J. (via ECF)
Hon. J. Brendan Day, U.S.M.J. (via ECF)
Andrea Cavazos, Esq. (via ECF)
Surinder K. Aggarwal, Esq. (via ECF)